1

2

3

4

5

6

7

8

9

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

10 | BERNARD J. and KIRSTEN E.
OLSHAUSEN,

11                                    Plaintiffs,                          C10-779Z

12 | v.                                                                    ORDER

13 | CITY OF SAMMAMISH,

14                                    Defendant.

15

16

17        THIS MATTER comes before the Court on defendant's motion for summary

18 judgment, docket no. 17.  Having considered all papers filed in support of, and in opposition

19 to, defendant's motion, the Court DENIES the motion.  The gravamen of plaintiffs' action is

20 that defendant City of Sammamish ("City") has thwarted plaintiffs' ability to subdivide their

21 property, causing a loss of roughly $342,000, the estimated value of the separated lot when

22 marketed with adjacent lakefront property also owned by plaintiffs.  The City makes three

23 arguments in support of summary judgment:  (i) plaintiffs' claim under 42 U.S.C. § 1983 is

24 barred by res judicata or collateral estoppel; (ii) plaintiffs' claim is precluded by the statute of

25 limitations; and (iii) plaintiffs' claim does not assert a constitutional violation.  A party is not

26 entitled to summary judgment unless it demonstrates an absence of genuine dispute of

ORDER  - 1

material fact and entitlement to judgment as a matter of law.  *See* Fed. R. Civ. P. 56(a) (2010).  The City has not made the requisite showing.

The City's assertion that plaintiff's § 1983 claim was previously decided by the King County Superior Court is not corroborated by the record.  In the earlier action before Judge Michael Spearman, default was entered against (and not in favor of) the City. *See* Ex. 3 to Motion for Contempt, Ex. 7 to Tierney Decl. (docket no. 18-7 at 33).  In the subsequent action before Judge Craighead, the claim at issue was for contempt, not for violation of § 1983.  *See* Ex. 8 to Tierney Decl. (docket no. 18-8).  Thus, the City is not entitled to summary judgment on res judicata or collateral estoppel grounds.

The City's contention that plaintiffs' claim was not timely brought lacks merit.  This dispute began in 2004, when a hearing examiner denied plaintiffs' short-plat application. Plaintiffs appealed the 2004 decision, but the judge presiding over the matter never entered a dispositive order.  *See* Tr. at 4:12-22 (Nov. 12, 2006), Ex. 4 to Tierney Decl. (docket no. 18-4 at 7).  In February 2006, the City approved plaintiffs' short-plat application, but in May 2006, a hearing examiner reversed the City's approval, concluding that the 2004 decision denying plaintiffs' application was "final."  *Id.* at 2:17-3:5 (docket no. 18-4 at 5-6).  As a result, the hearing examiner ruled that plaintiffs were required to file a new application, which would necessitate public notice and a comment period.  *Id.* at 3:5-19 (docket no. 18-4 at 6).

Plaintiffs again appealed.  Thereafter, Judge Spearman reversed in part because the hearing examiner in 2006 erred in determining that the 2004 decision was "final."  According to Judge Spearman, plaintiffs had sought review of the 2004 decision, thereby undermining its finality, and the City, not the hearing examiner, had "final" authority pursuant to the Sammamish Municipal Code.  *Id.* at 4:23-7:5 (docket no. 18-4 at 7-10).  Judge Spearman, however, also affirmed the hearing examiner's reversal of the City's approval of plaintiffs' application because the City had failed to provide proper notice and an opportunity for

1   comment.  *Id.* at 7:6-8:1 (docket no. 18-4 at 10-11).  Judge Spearman remanded the matter

2   back to the City.  *Id.* at 8:2-11 (docket no. 18-4 at 11).

3       The City subsequently moved for reconsideration, contending that the City did not

4   have authority to review a hearing examiner's decision in a "Type 2 land use case."  *See*

5   Ex. 2 to Motion for Contempt, Ex. 7 to Tierney Decl. (docket no. 18-7 at 30-31).  Judge

6   Spearman denied the motion for reconsideration, observing that default had been granted as

7   to the City back in July 2006.  Ex. 3 to Motion for Contempt, Ex. 7 to Tierney Decl. (docket

8   no. 18-7 at 33).  On remand, the City referred the matter to the hearing examiner, Ex. 4 to

9   Motion for Contempt, Ex. 7 to Tierney Decl. (docket no. 18-7 at 35), who then adhered to the

10  partially reversed 2006 decision and dismissed the proceeding, Ex. 9 to Motion for

11  Contempt, Ex. 7 to Tierney Decl. (docket no. 18-7 at 53-54).  In contrast to the City's

12  assertion to Judge Spearman that the matter is a "Type 2 land use case," the hearing examiner

13  described the matter as a "Type 3 land use decision," and issued the order of dismissal on

14  May 8, 2007.  *Id.*  Plaintiffs sought relief in King County Superior Court, but their motion for

15  contempt was summarily denied by Judge Craighead on July 31, 2009.  Ex. 8 to Tierney

16  Decl. (docket no. 18-8).  Plaintiffs filed this case on May 7, 2010.  Complaint (docket no. 1).

17      Although state law determines the length of the limitations period, which is three

18  years in Washington for a § 1983 claim, *see RK Ventures, Inc. v. City of Seattle*, 307 F.3d

19  1045, 1058 (9th Cir. 2002), federal law governs when an action under § 1983 accrues, *see*

20  *Knox v. Davis*, 260 F.3d 1009, 1013 (9th Cir. 2001).  Under federal law, a claim accrues

21  when "the plaintiff knows or has reason to know of the injury which is the basis of the

22  action."  *Id.*  Moreover, the continuing violation theory applies to § 1983 claims.  *Id.*

23      In this case, the earliest plaintiffs could have known of the alleged injury was when

24  the hearing examiner issued the May 8, 2007, order of dismissal.  Until then, the possibility

25  existed that the hearing examiner would approve plaintiffs' short-plat application, and

26  plaintiffs would have no basis for suing.  *See Levald, Inc. v. City of Palm Desert*, 998 F.2d

ORDER - 3

680, 687 (9th Cir. 1993) ("Determining when the cause of action accrues is merely the corollary to the ripeness inquiry.").  Plaintiffs filed this suit within three years after the hearing examiner's May 8, 2007, order of dismissal.  Moreover, during the interim, plaintiffs pursued relief in state court, and their claim might also be considered as accruing when Judge Craighead's order was entered, less than one year before initiation of this action.  Plaintiffs have not, by any measure, been dilatory, and their claim may also be properly viewed as raising one long continuing violation, the last event of which was within the limitations period.  The Court HOLDS that this action was timely filed, and the City is not entitled to summary judgment on the basis of any time bar.

The City's final argument that plaintiffs cannot establish either a procedural or substantive due process violation implicates questions of law not before the Court.  In essence, the City ignored Judge Spearman's order, despite having lost its bid to have Judge Spearman reconsider the remand to the City, and plaintiffs were denied the very relief they had obtained in a court of law.  Whether the City could or should have moved to set aside the default, and whether Judge Spearman correctly ruled that the City, and not the hearing examiner, had final authority as to plaintiffs' short-plat application have not been briefed and are not before the Court.  Assuming that the remand to the City was proper, and given that it was undisputedly not heeded by the City, the Court is not persuaded that plaintiffs could not, as a matter of law, establish the requisite elements of a procedural and/or substantive due process claim under § 1983.  *See* *Delew v. Wagner*, 143 F.3d 1219, 1222-23 (9th Cir. 1998) (recognizing that the right of access to the courts is a fundamental right and that a § 1983 claim may be premised on conduct rendering "any available state court remedy ineffective").

For the foregoing reasons, defendant's motion for summary judgment, docket no. 17, is DENIED.  The Clerk is directed to send a copy of this Order to all counsel of record and to plaintiffs pro se.

ORDER  - 4

1    IT IS SO ORDERED.

2    DATED this 17th day of February, 2011.

3
4                                    Thomas S. Zilly
                                     United States District Judge
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26

ORDER  - 5